Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiff
SALVADOR GARCIA JR.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| SALVADOR GARCIA JR., | Case No. |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| vs. | |
| COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, and DOE 2, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

This action arises from the use of excessive force against SALVADOR GARCIA JR. caused by a police canine utilized by sheriff's deputies employed by the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

## JURISDICTION & VENUE

1.      This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

1

3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

**EXHAUSTION**

4.      On February 17, 2023, SALVADOR GARCIA JR. submitted a government claim to the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT relating to the claims alleged in this case, pursuant to California Government Code section 910 *et seq*. (Claim No. L2300379; GHC File No. 89926-35.)

5.      On March 2, 2023, SALVADOR GARCIA JR. submitted an amended government claim to the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT relating to the claims alleged in this case, pursuant to California Government Code section 910.6. (Claim No. L2300379; GHC File No. 89926-35.)

6.      By April 19, 2023, the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT failed or refused to act on the government claim, pursuant to California Government Code section 912.4.

**PARTIES**

7.      Plaintiff SALVADOR GARCIA JR. is a resident of the State of California, County of Sacramento.

8.      Defendant COUNTY OF SACRAMENTO is located in the State of California. Defendant COUNTY OF SACRAMENTO is a "public entity," pursuant to California Government Code section 811.2.

9.      Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is located in the State of California, County of Sacramento. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity," pursuant to California Government Code section 811.2.

10.      Defendant SCOTT JONES was a law enforcement officer and the Sheriff for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant SCOTT JONES is sued in an individual capacity.

2

11.     Defendants DOE 1 is, and at times material herein was, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant DOE 1 is sued in an individual capacity. Defendant DOE 1's identity is presently unknown and they are sued by a fictitious name, until their true and correct identity is ascertained.

12.     Defendants DOE 2 is, and at times material herein was, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant DOE 2 is sued in an individual capacity. Defendant DOE 2's identity is presently unknown and they are sued by a fictitious name, until their true and correct identity is ascertained.

## GENERAL ALLEGATIONS

13.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

14.     On September 17, 2022, in the early morning, Plaintiff SALVADOR GARCIA JR. was riding a bicycle in the vicinity of the Cypress Village Apartment Complex, 3721 Marconi Avenue, Sacramento, CA 9582.

15.     Plaintiff SALVADOR GARCIA JR. was accosted by Defendant DOE 1, a sheriff's deputy employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

16.     Defendant DOE 1 ordered Plaintiff SALVADOR GARCIA JR. to "stop."

17.     Plaintiff SALVADOR GARCIA JR. attempted to comply with the command to stop by turning his bike to face Defendant DOE 1.

18.     Plaintiff SALVADOR GARCIA JR. turned his bike on wet grass, which caused him to slip to the ground.

19.     Defendant DOE 1 sicced a police canine on Plaintiff SALVADOR GARCIA JR., after he fell from his bike onto the ground.

20.     Plaintiff SALVADOR GARCIA JR. was mauled by the police canine, including on his right forearm.

3

21.     Plaintiff SALVADOR GARCIA JR. screamed in pain, as the canine mauled his arm.

22.     Defendant DOE 1 approached Plaintiff SALVADOR GARCIA JR. and applied a handcuff to his left arm, as the canine continue to maul Plaintiff SALVADOR GARCIA JR.'s right arm.

23.     Defendant DOE 1 attempted to apply a handcuff Plaintiff SALVADOR GARCIA JR.'s right arm but was unable to stop the canine from chewing on the right arm.

24.     Eventually, Defendant DOE 1 was able to pry the canine off of Plaintiff SALVADOR GARCIA JR.'s right arm, with some effort.

25.     Defendant DOE 1 failed to utilize appropriate use-of-force techniques and canine deployment, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's policies, procedures, and general orders. For example, Defendant DOE 1's actions were inconsistent with POST Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 33 ("Arrest Methods/ Defensive Tactics"); Sacramento County Sheriff's Department General Order 2-11 ("Use of Force"); and Sacramento County Sheriff's Department Operations Order 8-04 ("Canine Enforcement Detail Deployment Guidelines").

26.     Plaintiff SALVADOR GARCIA JR.'s right arm was bleeding profusely, including spurting blood from a severed artery.

27.     Plaintiff SALVADOR GARCIA JR. remained lying on the ground.

28.     Defendant DOE 1 refused to assist Plaintiff SALVADOR GARCIA JR. or tend to his injured arm.

29.     A later-arriving deputy scolded Defendant DOE 1 for failing to tend to Plaintiff SALVADOR GARCIA JR.'s injured arm, stating: "Tie him off or he's going to bleed to death."

30.     Defendant DOE 1 failed to render appropriate medical care/first aid techniques, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's policies, procedures, and general orders. For example, Defendant DOE 1's actions were inconsistent with POST Learning Domain 34 ("First Aid, CPR, and AED"); and Sacramento County Sheriff's Department Field Training Guide.

31.     An ambulance arrived at the scene.

4

32. Plaintiff SALVADOR GARCIA JR. was transported to the hospital.

33. Plaintiff SALVADOR GARCIA JR. was hospitalized for several days, including undergoing reconstructive surgery to his injured arm.

34. Plaintiff SALVADOR GARCIA JR.'s right arm is permanently disfigured as a result of the canine mauling, and he no longer has full use of his right arm.

35. Plaintiff SALVADOR GARCIA JR. may no longer be able to resume his profession as a long-haul truck driver, and continues to experience physical and mental distress.

36. Days later, Plaintiff SALVADOR GARCIA JR. was discharged from the hospital into the custody of Defendant DOE 2, a sheriff's deputy employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

37. Defendant DOE 2 attempted to transport Plaintiff SALVADOR GARCIA JR. in a patrol vehicle to the Sacramento County Main Jail.

38. Defendant DOE 2 drove recklessly while transporting Plaintiff SALVADOR GARCIA JR., including by typing on his computer and using his phone.

39. Defendant DOE 2 rear-ended another vehicle at or near the split between Interstate 80 Business and State Route 160.

40. Ambulances arrived at the scene.

41. Plaintiff SALVADOR GARCIA JR. was again transported to the hospital.

42. Plaintiff SALVADOR GARCIA JR. received treatment for whiplash and other symptoms caused by the vehicle collision.

43. Defendant DOE 2 failed to utilize appropriate vehicle operations and driving techniques, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's policies, procedures, and general orders. For example, Defendant DOE 2's actions were inconsistent with POST Learning Domain 19 ("Vehicle Operations"); Sacramento County Sheriff's Department Driver Training Update(s).

**POLICY AND CUSTOM ALLEGATIONS**

44. Defendant SCOTT JONES served as Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's Sheriff from December 2010 to December

5

2022.

45.     Defendant SCOTT JONES, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, including as it relates to the training, supervision, and discipline of personnel under his command. Sacramento County Sheriff's Department, General Order: "Sheriff's Executive Staff," available at: <https://www.sacsheriff.com/pages/transparency.php>.

46.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom of inaction and inadequate training, supervision, and discipline concerning canine deployment, including against non-threatening and/or non-resisting subjects where more appropriate alternatives were available. For example:

(a)     On January 19, 2023, Alexio Perez was subject to excessive force when Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's deputies deployed a canine. Perez was driving a motorcycle when a sheriff's vehicle signaled Perez to pull-over. Perez dismounted the motorcycle, attempted to hide, and got onto his knees with his hands in the air and surrendered when he saw the deputies had spotted him and released their canine. Deputies deployed a canine against Perez, without cause. The canine bit Perez's left arm and hand, including severing his left ring finger from his hand. Perez pleaded with the deputies to call-off the canine but the deputies refused. Perez was hospitalized and is permanently disfigured, as a result of the canine attack.

(b)     On January 8, 2023, Manuel Bencomo was subject to excessive force when Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's deputies deployed a canine. Deputies entered Bencomo's residence while he was asleep inside of his bedroom. Deputies opened the bedroom door and sicced a police canine on Bencomo, while the canine was off-leash. Bencomo was badly mauled by the canine, including suffering a serious bite wounds to his upper-arm. Bencomo required several stiches to close the bite wounds on his arm. The Sacramento County District Attorney's Office declined to prosecute Bencomo for any crime. Bencomo filed a civil rights lawsuit. (*Bencomo v. County of Sacramento*, United States District Court, Eastern

6

COMPLAINT; DEMAND FOR JURY TRIAL
*Garcia v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

District of California, Case No. 2:23-cv-00440-DAD-JDP.) The case remains pending.

(c)     On April 2, 2021, an arrestee was subject to excessive force when Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's deputies deployed a canine. The arrestee briefly fled from deputies on a motorcycle because he feared deputies were attempting to run-over him with their patrol vehicles. The arrestee lost control of the motorcycle, which was crashed down an embankment. The arrestee was apprehended when sergeant David Lee deployed a taser against the subject, causing him to fall to the ground. Deputy Paul Warren also deployed canine Aldo against the arrestee. Aldo mauled the arrestee's left forearm. Aldo was "visibly affected by the current of the Taser" which was deployed against the arrestee at the same time he was being mauled by the canine, and the canine's "body tensed and he began to whine." The arrestee sustained lacerations from Aldo's bites, including a "tooth puncture/tear mark on the interior of his left wrist" and "approximately 3 tooth punctures/drag marks to the anterior portion of his left wrist." (Sacramento County Sheriff's Department Case No. 2021-96740.)

(d)     On February 18, 2021, an arrestee was subject to excessive force when Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's deputies deployed a canine. The arrestee was suspected of vehicle theft and fled on foot. Deputy Jeb Trummel deployed canine Dax against the fleeing subject. Dax bit the subject on the right arm below the elbow, causing the arrestee to fall to the ground. Dax bit the arrestee's left arm, after he fell to the ground. The arrestee pleaded to Trummel, "get the dog off!" Trummel refused to release the canine from the arrestee. Trummel utilized an "arm bar control hold" against the arrestee, as Dax continued biting the arrestee's left arm. Trummel allowed Dax to continue biting the arrestee, until additional deputies arrived on-scene, when Dax was "removed" from the arrestee. Trummel then then kicked the arrestee with his boot striking the arrestee in the "shoulder area" and "left eyebrow area." The arrestee sustained injuries, including a "laceration on his left arm below the elbow on the backside of the arm" which "was approximately 1" in length" and "several teeth punctures around the laceration" and "approximately one tooth puncture on [the] right arm below the elbow." (Sacramento County Sheriff's Department Case No. 2021-50607.)

(e)     On January 31, 2021, an arrestee was subject to excessive force when Defendants

1   COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT

2   JONES's deputies deployed a canine. The arrestee was suspected of burglary and, when contacted by

3   deputies, fled into his wife's residence. Deputy Sonny Vasquez gained access to the residence and

4   deployed canine Rooney into the residence. Rooney was "showing interest" in a bedroom closet with

5   attic access. Rooney was deployed into a "makeshift hold leading into the attic," without warning to the

6   arrestee. Rooney found and bit the arrestee in the attic. Vasquez "decided to leave [] Rooney" biting the

7   arrestee and ordered the arrestee to "crawl towards" Vasquez, while being bitten by Rooney. The arrestee

8   and Rooney were "falling through the ceiling," as the arrestee attempted to crawl towards Vasquez while

9   being bitten by Rooney. The arrestee was detained after he fell through the ceiling. Rooney's "face and

10   eyes and inside of his mouth were completely covered in insulation," the dog was "unable to see," and

11   was "hacking and coughing due to the insulation in his mouth." The arrestee sustained "multiple

12   abrasions," including "on the outside of his left upper tricep/shoulder area," and "also had a[n]

13   approximately 2" to 3" laceration in his left armpit area." (Sacramento County Sheriff's Department Case

14   No. 2021-29991.)

15        (f)    On November 10, 2020, an arrestee was subject to excessive force when

16   Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

17   and SCOTT JONES's deputies deployed a canine. The arrestee fled on foot from the scene of a vehicle

18   accident, wearing no shirt and a pair of pants. The arrestee was located in the backyard of a residence,

19   hiding under a picnic table. Deputy Adam Gibson released canine Cash into the backyard. The arrestee

20   was mauled on the left thigh by Cash. Gibson permitted Cash to continue mauling the arrestee until

21   handcuffs were applied. The arrestee "sustained several puncture marks, lacerations, and drag marks to

22   his left thigh and his right and left hand…" (Sacramento County Sheriff's Department Case No. 20-

23   356898.)

24        (g)    On October 30, 2020, an arrestee was subject to excessive force when Defendants

25   COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT

26   JONES's deputies deployed a canine. The arrestee fled on foot into a field from a vehicle which had been

27   pursued by officers. The arrestee was located "lying face down in the field" in a "prone position" about

28   20 yards away. Deputy Adam Gibson deployed canine Cash into the area. The arrestee was bitten on

head by Cash. Gibson ordered Cash to release the arrestee's head. Gibson then re-deployed Cash against the arrestee. Cash mauled the arrestee's left hand. The arrestee was handcuffed. The arrestee "sustained a large laceration to his head and puncture and drag marks to his right arm and left hand/wrist." (Sacramento County Sheriff's Department Case No. 20-344195.)

(h)      On July 12, 2020, an arrestee was subject to excessive force when Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's deputies deployed a canine. The arrestee was present inside of a locked bathroom, on school grounds, where an alarm had been activated. (Sacramento County Sheriff's Department Case No. 20-223981.) Deputy Edwin Yip kicked open the locked backroom door. The arrestee was sitting on a toilet wearing only boxer shorts, and had been sleeping before the door was kicked open. Deputy James Galovich deployed canine Cash against the arrestee. Cash bit the arrestee's left forearm and dragged the arrestee off the toilet and out of the bathroom. The arrestee complied with orders to lie down on the ground and was handcuffed, before Cash was released from biting the arrestee. The arrestee sustained "numerous punctures marks" on the left forearm, including on the "top and bottom side" of the forearms, which were "still bleeding" after the arrest. X-rays revealed that the arrestee sustained "small fractures" to his wrist, for which surgery was recommended. (Sacramento County Sheriff's Department Case No. 20-223981.)

(i)      On April 15, 2020, an arrestee was subject to excessive force when Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's deputies deployed a canine. The arrestee fled from a vehicle reported to have been stolen, when pursued by sheriff's deputies. The arrestee then boarded and crashed a golf cart into the side of a building. Deputy Jeb Trummel deployed canine Dax against the arrestee. Dax bit the arrestee's upper left arm and pulled him off the golf cart. Trummel grabbed the arrestee and slammed him face-first into the concrete-paved ground. Trummel permitted Dax to continue mauling the arrestee, as he was lying on the ground. Trummel punched the arrestee in the face three times, as the arrestee was being mauled by Dax. Trummel removed Dax from mauling the arrestee only after additional deputies arrived on-scene. The arrestee sustained "approximately four punctures on the outside of his left bicep," with "approximately five lacerations around the punctures" and "approximately three lacerations on the inside of his left

9

COMPLAINT; DEMAND FOR JURY TRIAL
*Garcia v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

bicep." (Sacramento County Sheriff's Department Case No. 20-123726.)

(j)     On March 9, 2009, Anthony Jones was subject to excessive force when Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's deputies deployed a canine. Jones attempted to flee from deputies on foot when he was shot with "pellets," tackled to the ground, beaten, and handcuffed. Deputy D. Amos deployed canine Jesse against Jones, and Jesse was permitted to maul Jones for approximately 45-to-50 seconds. Jones sustained disfigurement to his left calf. Jones filed a civil rights lawsuit. (*Jones v. McAtee*, United States District Court, Eastern District of California, Case No. 2:10-cv-00033-MCE-CMK.) The case was settled.

47.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force, including:

(a)     applying excessive and unreasonable uses-of-force against non-threatening persons;

(b)     utilizing vicious, untrained, or improperly trained canines who do not respond to commands to cease attacking and biting suspects resulting in wanton injuries to suspects who have submitted to arrest;

(c)     providing inadequate training with respect to the use-of-force;

(d)     employing and retaining and inadequately supervising, training, controlling, assigning, and disciplining personnel with dangerous propensities for abusing authority;

(e)     maintaining inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by personnel;

(f)     failing adequately to investigate use-of-force incidents, including refusing to consider relevant witness and evidence;

(g)     failing timely to investigate use-of-force incidents or unreasonable delaying and prolonging investigations, such that determination of culpability, if any, is returned well-after the period of time during which effective corrective action or meaningful discipline can be taken;

10

(h)    failing adequately to discipline personnel, including imposing discipline that is disproportional to the magnitude of the misconduct and fails to discourage future misconduct or is tantamount to encouraging misconduct—*e.g.*, "slaps on the wrist";

(i)    announcing that unjustified use-of-force is "within policy," including incidents that were later determined in court or implied through settlement to be non-compliant with policy or unlawful;

(j)    refusing to discipline, terminate, or retrain personnel, where uses-of-force are determined in court or implied through settlement to be non-compliant with policy or unlawful;

(k)    actively employing records destruction policies and procedures which result in the destruction and purging of disciplinary records, emboldening personnel engaging in misconduct and ensuring that historic and ongoing misconduct cannot be tracked or accounted for;

(l)    encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," "blue line," or "code of silence," pursuant to which personnel do not report errors, misconduct, or crimes and, if questioned about an incident of misconduct involving another officer, claim ignorance of misconduct; and

(m)    maintaining a policy of inaction and an attitude of indifference towards ongoing law enforcement use of force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend personnel for criminal prosecution who participate in unlawful uses-of-force.

48.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom whereby personnel are permitted to engage in excessive and unreasonable use-of-force, without meaningful consequence, discipline, or corrective action, in addition to the circumstances in this case, including:

(a)    On May 8, 2017, Mikel McIntyre, an unarmed and mentally-ill Black man, was shot and killed by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel, including deputies Jeffrey Wright, Ken Becker, and Gabriel Rodriguez. A civil rights lawsuit was filed. (*N.M. v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-01830-WBS-KJN.) The case was settled pre-trial for $1,725,000. The Sacramento County Inspector

11

1    General's Office issued an officer-involved shooting review of the incident.

2    <https://inspectorgeneral.saccounty.net/Documents/McIntyre_OIS_Report.pdf>. Therein, the inspector

3    general found that the deputies fired an "excessive, unnecessary" number of rounds during the shooting.

4    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

5    and SCOTT JONES retaliated against the inspector general by locking him out of agency offices and jail

6    facilities, in response to the critical report.

7            (b)     On October 21, 2017, Mayco Rodrique was arrested and booked into the

8    Sacramento County Main Jail by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's

9    personnel, including Jarrod Hopeck and Jeffrey Wilson. Deputy Hopeck intentionally twisted and broke

10   Rodrique's arm, during the jail intake process. Rodrique was confined to a "sobering" cell and denied

11   him access to medical staff for 20 minutes, while deputy Hopeck taunted him through a window on the

12   door. The incidents were captured on the jail's cameras. A citizen complaint was filed. Defendant

13   SACRAMENTO COUNTY SHERIFF'S DEPARTMENT "exonerated" deputy Hopeck. (Report No. 17-

14   303197, available at: <https://www.sacsheriff.com/pages/sb1421_releases.php>.) A civil rights lawsuit

15   was filed. (*Rodrique v. County of Sacramento*, U.S. District Court, Eastern District of California, Case

16   No. 2:17-cv-02698-WBS-EFB.) The case was settled pre-trial for $97,500. Rodrique obtained numerous

17   citizen complaints and dispositions from Defendant SACRAMENTO COUNTY SHERIFF'S

18   DEPARTMENT during discovery in the case.

19   <https://www.sacbee.com/opinion/article238722483.html>. The citizen complaint files revealed

20   Defendant SCOTT JONES was "concealing the violent abuse of inmates by deputies in his jail and

21   allowing the guilty deputies to remain in uniform." For example, Defendant SCOTT JONES overruled a

22   recommendation to discipline a subordinate who was captured on camera using excessive use-of-force;

23   and "exonerated" numerous meritorious citizen complaints against personnel.

24   <https://www.sacbee.com/news/investigations/article238544198.html>.

25           (c)     Paul "Scotte" Pfeifer was a sheriff's deputy employed by Defendants COUNTY

26   OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES.

27   Pfeifer employed excessive force against persons he encountered on multiple occasions by striking them

28   with a department-issued flashlight. Pfeifer's assaults were documented and captured on recordings on

1   multiple occasions. Pfeifer's assaults resulted in multiple lawsuits, each of which Defendant COUNTY

2   OF SACRAMENTO settled for substantial amounts of money paid to the injured plaintiffs. *Treshchuk v.*

3   *McGinness*, U.S. District Court, Eastern District of California, Case No. 2:09-cv-00691-MCE-EFB

4   (Pfeifer struck the plaintiff in her legs multiple times with a flashlight, case settled for $20,000); *Reyes v.*

5   *County of Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2015-

6   00184139-CU-CR-GDS & U.S. District Court, Eastern District of California, Case No. 2:15-cv-02213-

7   JAM-DB (Pfeifer recorded assaulting the plaintiff in the middle of street, including striking him multiple

8   times with a flashlight, case settled for $200,000); *Donohue v. County of Sacramento*, U.S. District

9   Court, Eastern District of California, Case No. 2:15-cv-01488-CKD (Pfeifer recorded assaulting the

10  plaintiff while he was sitting in the driver's seat of a vehicle, case settled for $150,000);

11  <https://www.sacbee.com/news/investigations/the-public-eye/article107619287.html>. Defendants

12  COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT

13  JONES failed adequately to supervise, re-train, or discipline Pfeifer following each of the incidents of

14  misconduct and he was retained as an employee.

15          (d)     Several jury verdicts have been entered against Defendants COUNTY OF

16  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or their personnel,

17  where excessive and unreasonable force was proven at trial. For example: *Estate of Rose v. County of*

18  *Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:13-cv-01339-TLN-EFB (jury

19  verdict against two sheriff's deputies who used excessive force when they shot and killed a mentally-ill

20  man inside of his home); *Reese v. County of Sacramento*, U.S. District Court, Eastern District of

21  California, Case No. 2:13-cv-00559-WBS-DB (jury verdict against sheriff's deputy who used excessive

22  force when he shot a man inside of his home upon opening a door in response to the deputy's command);

23  *Jones v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:09-cv-

24  1025-DAD (jury verdict for excessive force against five sheriff's deputies); *Antoine v. County of*

25  *Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-01349-WBS-GGH

26  (jury verdict for excessive force against five sheriff's deputies); *Hunter v. County of Sacramento*, U.S.

27  District Court, Eastern District of California, Case No. 2:06-cv-00457-GEB-AC (jury verdict for policy

28  or custom of subjecting inmates to excessive force against the County of Sacramento); *Tubbs v.*

13

1   *Sacramento County Jail*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-00280-

2   LKK-GGH (jury verdict for excessive force and integral participation against four sheriff's deputies);

3   *Johnson v. Sacramento County*, U.S. District Court, Eastern District of California, Case No. 2:06-cv-

4   00169-RRB-GGH (jury verdict for excessive force against multiple sheriff's deputies).

5         (e)    Numerous settlements have been paid by Defendant COUNTY OF

6   SACRAMENTO, resulting from misconduct by Defendants COUNTY OF SACRAMENTO,

7   SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and/or their personnel,

8   including to settle litigation where excessive and unreasonable force was alleged and may have been

9   proven, if tried. For example: *Flemmings v. County of Sacramento*, U.S. District Court, Eastern District

10   of California, Case No. 2:20-cv-00500-WBS-AC (settlement of action alleging that sheriff's deputies

11   unlawfully pulled-over the plaintiff's vehicle, pulled him from the vehicle, and slammed and pinned him

12   face-first onto the roadway); *Soto v. County of Sacramento*, E.D. Cal. Case No. 2:19-cv-00910-TLN-DB

13   (settlement of action alleging a sheriff's deputy ignored an injured inmate's requests for medical

14   assistance, hog-tied his arms and legs, and left him to die on the floor of a holding cell); *Mitchell v.*

15   *County of Sacramento*, E.D. Cal. Case No. 2:18-cv-03252-WBS-EFB (settlement of action alleging a

16   sheriff's deputy slammed the plaintiff's head against a wall causing a concussion, breaking a tooth, and

17   splitting her lip); *Dunn v. County of Sacramento*, U.S. District Court, Eastern District of California, Case

18   No. 2:18-cv-02425-JAM-CKD (settlement of action alleging that two sheriff's deputies unlawfully

19   pulled-over the plaintiff's vehicle, pulled her from the vehicle, struck her in the face several times with

20   fists and a flashlight, and broken her arm); *Arispe v. County of Sacramento*, U.S. District Court, Eastern

21   District of California, Case No. 2:18-cv-02017-JAM-AC (settlement of action alleging that a sheriff's

22   deputy "immediately opened fire" when responding to a mental health emergency call, killing the

23   mentally-ill subject); *Reynolds v. County of Sacramento*, U.S. District Court, Eastern District of

24   California, Case No. 2:18-cv-01150-TLN-KJN (settlement of action alleging that several sheriff's

25   deputies falsely arrested and "paraded" the handcuffed plaintiffs before releasing them without charges);

26   *Rivera v. Cater*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-00056-WBS-EFB

27   (settlement of action where two sheriff's deputies shot numerous times and killed a non-threatening,

28   mentally-ill man suspected of burglary); *Abbott v. County of Sacramento*, U.S. District Court, Eastern

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Garcia v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

District of California, Case No. 2:17-cv-02698-WBS-EFB (settlement of action alleging that a sheriff's deputy broke the plaintiff's foot and sprained his wrist during jail booking); *Augustine v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02605-WBS-AC (settlement of action alleging that sheriff's deputies shot and killed a non-threatening 17-year-old boy suffering from an episode of mental-illness); *Ennis v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02052-KJM-EFB (settlement of action alleging that a sheriff's deputy broke the plaintiff's left wrist, after the plaintiff had specifically warned the sheriff's deputy that her wrist had been previously injured); *Williams v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-01726-JAM-EFB (settlement of action alleging that two sheriff's deputies falsely arrested and employed excessive force against the plaintiffs); *Cain v. City of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-00848-JAM-DB (settlement of action alleging that a sheriff's deputies held the injured plaintiff face-down on the ground while forcibly stripping and verbally abusing him); *McCormack v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:16-cv-01303-WBS-AC (settlement of action alleging that a sheriff's deputy slammed the plaintiff's head into a wall); *DeVard v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:16-cv-00159-JAM-CKD (settlement of action alleging that a sheriff's deputy was captured on a surveillance camera punching the plaintiff in his face and slammed him into a patrol vehicle); *Shannon v. County of Sacramento*, E.D. Cal. Case No. 2:15-cv-00967-KJM-DB (settlement of action alleging excessive use of force by two sheriff's deputies who shot and killed a man carrying airsoft replica weapons); *Aviña-Luna v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:14-cv-01295-TLN-DAD (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm while applying arm-hold); *Salinas v. County of Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2013-00152323 (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm while applying arm-hold); *Lundell v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:12-cv-02832-MCE-AC (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm while applying handcuffs); *Harmon v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:12-cv-02758-TLN-AC (settlement of action alleging that sheriff's deputies shot a

15

non-threatening man with a taser then fired 18 gunshots causing his death); *Gonsalves v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:11-cv-02506-WBS-DAD (settlement of action alleging that a sheriff's detective went to the plaintiff's home and "sucker-punched" him, "without any provocation or warning"); *Abdallah v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:11-cv-00625-MCE-KJN (settlement of action alleging that five sheriff's deputies beat the plaintiff into unconsciousness, causing a lacerated liver, multiple cracked ribs, a broken nose, and facial lacerations); *Duran v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:10-cv-03301-GEB-GGH (settlement of action alleging that a sheriff's deputy broke the plaintiff's left arm while applying arm-hold); *Jaquez v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:10-cv-01040-MCE-DAD (settlement of action alleging that sheriff's deputies beat the plaintiff, causing a fractured right elbow and leaving a boot-imprint on his face).

49.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT maintain, and Defendant SCOTT JONES maintained, an official written policy, also known as a "General Order," concerning "Destruction of Records" and "Complaints and Disciplinary Policies and Procedures." The record-destruction policy expressly provides: "Records of complaints, investigations and dispositions shall be retained by Internal Affairs for a period of at least five and one half years." Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT actively employ, and Defendant SCOTT JONES actively employed, the record-destruction policies to destroy personnel files and Internal Affairs records, as soon as permitted by policy and without creation of back-ups or "purge logs." Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's policy obfuscated misconduct records and protected and emboldened personnel that engaged in misconduct by ensuring that historic and ongoing misconduct cannot be tracked or accounted for and that destroyed misconduct histories cannot be used adversely to affect personnel's employment or potential liability. For example:

(a)     In *Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:19-cv-01545-MCE-AC, Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT destroyed or "purged" several of deputy

16

1   Daren Allbee's personnel and misconduct records, pursuant to the records-destruction policy, including

2   records of complaints and investigations involving on-duty sexual misconduct. Defendants COUNTY OF

3   SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's destruction of

4   Allbee's misconduct records obscured and precluded discovery of the full extent of his misconduct.

5          (b)     In *Rodrique v. County of Sacramento*, United States District Court, Eastern

6   District of California, Case No. 2:17-cv-02698-WBS-EFB, Mayco Rodrique, a jail inmate subject to

7   excessive force, alleged the existence of a policy or custom of excessive force by Defendant

8   SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel occurring at jail facilities.

9   Defendant COUNTY OF SACRAMENTO produced all relevant and available Internal Affairs records in

10  discovery but could not produce or identify records which it had destroyed consistent with its records-

11  destruction policies. Defendant COUNTY OF SACRAMENTO admitted: "[Sacramento County

12  Sheriff's] Department does not maintain documents identifying internal affairs investigations or citizen

13  complaints that are automatically purged pursuant to department policies (*e.g.* purge logs)." Defendants

14  COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's

15  destruction of Internal Affairs records obscured and precluded discovery of the full extent of jail

16  personnel's misconduct.

17          50.     Defendant SCOTT JONES has demonstrated a policy or custom of inadequately training,

18  supervising, and disciplining his personnel.

19  <https://d3n8a8pro7vhmx.cloudfront.net/inciteinsight/pages/9/attachments/original/1477460704/Scott_Jo

20  nes_Research_Report.pdf?1477460704> (Defendant SCOTT JONES's "Research Book" detailing

21  history of misconduct); <https://sacramento.newsreview.com/2020/09/22/the-dungeon-master/>

22  (Defendant SCOTT JONES "logged the most jail deaths the same year he stopped telling the media

23  about them"); <https://www.thedailybeast.com/scott-jones-mini-trump-sheriff-and-accused-sexual-

24  harasser-behind-netflix-series-jailbirds> (Defendant SCOTT JONES's alleged involvement with sexual-

25  harassment accusations, a Southern Poverty Law Center-monitored "hate group," and several lawsuits by

26  human rights groups); <https://www.sacbee.com/opinion/article238722483.html> (Defendant SCOTT

27  JONES's lack of transparency related to complaints against his department and officers and failure to

28  reprimand personnel for violations of policy and law); *Faison v. Jones*, U.S. District Court, Eastern

District of California, Case No. 2:19-cv-00182-TLN-KJN (Defendant SCOTT JONES subject to prohibitory injunction for violating First Amendment rights of leaders of the Black Lives Matter Sacramento organization).

51.　　Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES violated Senate Bill 1421, a state law requiring disclosure of documents about misconduct or significant force by personnel. *See* Cal. Pen. Code § 832.7. Media organizations were forced to sue Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES, in order to compel compliance with state law. <https://ktla.com/news/local-news/sacramento-l-a-times-sue-sacramento-county-sheriffs-department-over-release-of-deputy-misconduct-records/>. As a result, Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT was ordered to "pay more than $100,000 in legal fees to The Sacramento Bee and the Los Angeles Times in its court fight to hold onto deputies' discipline records…" <https://amp.sacbee.com/article235968547.html>.

52.　　Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES unreasonably delay investigation and administrative findings in officer-involved incidents of personnel, including in some cases for several years. For example, Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's backlog of investigations is greater than one and one-half years. An incident of alleged misconduct occurring on April 27, 2016, remains pending and "In Progress." <https://www.sacsheriff.com/pages/sb1421_releases.php>. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's failure timely to investigate and render findings in officer-involved incidents constitutes a violation of Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's own policies and procedures, renders any determination of officer culpability ineffective due to the period of time between when the incident occurred and when discipline or corrective action can be taken, and perpetuates a culture of impunity and unaccountability.

53.　　Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs

18

because the inadequacies were so obvious and likely to result in violations of rights of persons coming into contact with their subordinates.

54.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES were aware of numerous incidents of their personnel's excessive and unreasonable uses-of-force, including those incidents identified above, but repeatedly refused or failed to take appropriate corrective action, including discipline, re-training, and/or implementation of changes to policies or procedures.

55.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES expressly and impliedly condoned their personnel's excessive and unreasonable uses-of-force, including by turning-a-blind-eye to the abuses, ignoring or refusing to investigate complaints of personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's misconduct, failing to hold personnel accountable for violations of law or policies, and creating or fostering an environment where subordinates believed they could act with impunity and "get away with anything."

56.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES's policies and customs, including the insufficient training, supervision, or control of their personnel, was a moving force behind and contributed to the use of unreasonable and excessive force against Plaintiff SALVADOR GARCIA JR.

## FIRST CLAIM

### Excessive Force

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

57.     Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1.

58.     The allegations of the preceding paragraphs 1 to 56 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

59.     Defendant DOE 1 used unreasonable and excessive force against Plaintiff SALVADOR

19

GARCIA JR., including by deploying a canine, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

60.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction, including those which resulted in harm to Plaintiff SALVADOR GARCIA JR., in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

61.    Defendants SCOTT JONES and DOE 1's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

62.    Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1; and punitive damages against Defendants SCOTT JONES and DOE 1.

WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

## SECOND CLAIM

### Unreasonable Post-Arrest Care

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

63.    Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendant DOE 1.

64.    The allegations of the preceding paragraphs 1 to 43 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

65.    Defendant DOE 1 failed to provide Plaintiff SALVADOR GARCIA JR. with reasonable post-arrest care, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

66.    Defendant DOE 1's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

67.    Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of

20

1    Defendant DOE 1's actions and inactions, entitling him to receive compensatory damages against

2    Defendant DOE 1; and punitive damages against Defendant DOE 1.

3         WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

4                                        **THIRD CLAIM**

5                                 **Intrusion on Bodily Integrity**

6                           **(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

7         68.    Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendant DOE 2.

8         69.    The allegations of the preceding paragraphs 1 to 43 are realleged and incorporated, to the

9    extent relevant and as if fully set forth in this Claim.

10        70.    Defendant DOE 2 failed to provide Plaintiff SALVADOR GARCIA JR. with reasonable

11   post-arrest transport to the jail, in violation of the Fourth Amendment (as incorporated through the

12   Fourteenth Amendment) to the U.S. Constitution.

13        71.    Defendant DOE 2's actions and inactions were motivated by evil motive or intent,

14   involved reckless or callous indifference to rights, or were wantonly or oppressively done.

15        72.    Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of

16   Defendant DOE 2's actions and inactions, entitling him to receive compensatory damages against

17   Defendant DOE 2; and punitive damages against Defendant DOE 2.

18        WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

19                                       **FOURTH CLAIM**

20                                       **Excessive Force**

21                                  **(Cal. Const. Art. I § 13)**

22        73.    Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendants COUNTY OF

23   SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE

24   1.

25        74.    The allegations of the preceding paragraphs 1 to 56 are realleged and incorporated, to the

26   extent relevant and as if fully set forth in this Claim.

27        75.    Defendant DOE 1 used unreasonable and excessive force against Plaintiff SALVADOR

28   GARCIA JR., including by deploying a canine, in violation of Article I, Section 13 of the California

                                              21

Constitution.

76.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction, including those which resulted in harm to Plaintiff SALVADOR GARCIA JR., in violation of Article I, Section 13 of the California Constitution.

77.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES and DOE 1.

78.    Defendants SCOTT JONES and DOE 1's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

79.    Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1; and punitive damages against Defendants SCOTT JONES and DOE 1.

WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

## FIFTH CLAIM

### Unreasonable Post-Arrest Care

### (Cal. Const. Art. I § 13)

80.    Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1.

81.    The allegations of the preceding paragraphs 1 to 43 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

82.    Defendant DOE 1 failed to provide Plaintiff SALVADOR GARCIA JR. with reasonable post-arrest care, in violation of Article I, Section 13 of the California Constitution.

83.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

22

DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendant DOE 1.

84.     Defendant DOE 1's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

85.     Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of Defendant DOE 1's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1; and punitive damages against Defendant DOE 1.

WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

## SIXTH CLAIM

### Intrusion on Bodily Integrity

### (Cal. Const. Art. I § 13)

86.     Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 2.

87.     The allegations of the preceding paragraphs 1 to 43 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

88.     Defendant DOE 2 failed to provide Plaintiff SALVADOR GARCIA JR. with reasonable post-arrest transport to the jail, in violation of Article I, Section 13 of the California Constitution.

89.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendant DOE 2.

90.     Defendant DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

91.     Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of Defendant DOE 2's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

23

and DOE 2; and punitive damages against Defendant DOE 2.

WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

## SEVENTH CLAIM

### Liability for Dog Bite

### (Cal. Civ. Code § 3342)

92.     Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1.

93.     The allegations of the preceding paragraphs 1 to 43 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

94.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 are liable as owners of the canine that bit Plaintiff SALVADOR GARCIA JR., while in a public place, in violation of California Civil Code section 3342.

95.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendant DOE 1.

96.     Defendant DOE 1's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

97.     Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1; and punitive damages against Defendant DOE 1.

WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

## EIGHTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

98.     Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendants COUNTY OF

24

SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, and DOE 2.

99.     The allegations of the preceding paragraphs 1 to 56 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Excessive Force

100.     Defendant DOE 1 used unreasonable and excessive force against Plaintiff SALVADOR GARCIA JR., including by deploying a canine, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

101.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction, including those which resulted in harm to Plaintiff SALVADOR GARCIA JR., with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Unreasonable Post-Arrest Care

102.     Defendant DOE 1 failed to provide Plaintiff SALVADOR GARCIA JR. with reasonable post-arrest care, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Intrusion on Bodily Integrity

103.     Defendant DOE 2 failed to provide Plaintiff SALVADOR GARCIA JR. with reasonable post-arrest transport to the jail, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Liability for Dog Bite

104.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 are liable as owners of the canine that bit Plaintiff SALVADOR GARCIA JR., while in a public place, with deliberate indifference or reckless disregard, in violation of California Civil Code section 3342.

\ \ \

25

Common Allegations

105.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES, DOE 1, and DOE 2.

106.    Defendants SCOTT JONES, DOE 1, and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

107.    Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, and DOE 2's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, and DOE 2; and punitive damages against Defendants SCOTT JONES, DOE 1, and DOE 2.

WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

**NINTH CLAIM**

**Assault / Battery**

108.    Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1.

109.    The allegations of the preceding paragraphs 1 to 43 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

110.    Defendant DOE 1 used unreasonable and excessive force against Plaintiff SALVADOR GARCIA JR., including by deploying a canine.

111.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendant DOE 1.

112.    Defendant DOE 1's actions and inactions constituted oppression, fraud, and/or malice

26

resulting in great harm.

113.    Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of Defendant DOE 1's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1; and punitive damages against Defendant DOE 1.

WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

## TENTH CLAIM

### Intentional Infliction of Emotional Distress

114.    Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, and DOE 2.

115.    The allegations of the preceding paragraphs 1 to 43 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

116.    Defendant DOE 1 engaged in outrageous conduct, with intent or reckless disregard of the probability that Plaintiff SALVADOR GARCIA JR. would suffer emotional distress and he did suffer severe emotional distress, including, among other actions, use of excessive force, including by employing improper tactical conduct and decisions preceding the use of excessive force; failure to provide reasonable post-arrest care; and violation of California Civil Code section 3342.

117.    Defendant DOE 2 engaged in outrageous conduct, with intent or reckless disregard of the probability that Plaintiff SALVADOR GARCIA JR. would suffer emotional distress and he did suffer severe emotional distress, including, among other actions, failure to provide reasonable post-arrest transport to the jail, including by failing to follow safety rules promulgated by California Peace Officer Standards and Training ("POST") and employer.

118.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 and DOE 2.

119.    Defendants DOE 1 and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

27

120.     Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of Defendants DOE 1 and DOE 2's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, and DOE 2; and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

## ELEVENTH CLAIM

### Negligence

121.     Plaintiff SALVADOR GARCIA JR. asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, and DOE 2.

122.     The allegations of the preceding paragraphs 1 to 56 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

123.     Defendant DOE 1 owed Plaintiff SALVADOR GARCIA JR. a duty of care and breached the duty, including, among other actions, use of excessive force, including by employing improper tactical conduct and decisions preceding the use of excessive force; failure to provide reasonable post-arrest care; and violation of California Civil Code section 3342.

124.     Defendant DOE 2 owed Plaintiff SALVADOR GARCIA JR. a duty of care and breached the duty, including, among other actions, failure to provide reasonable post-arrest transport to the jail, including by failing to follow safety rules promulgated by California Peace Officer Standards and Training ("POST") and employer.

125.     Defendant SCOTT JONES had a special relationship with Defendant DOE 1 and Plaintiff SALVADOR GARCIA JR., and owed Plaintiff SALVADOR GARCIA JR. a duty of care and breached the duty including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm.

126.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, owed Plaintiff SALVADOR GARCIA JR. a duty of care and breached the duty, including violation of California Civil Code section 3342.

28

127.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants SCOTT JONES, DOE 1, and DOE 2.

128.     Defendants SCOTT JONES, DOE 1, and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

129.     Plaintiff SALVADOR GARCIA JR. was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, and DOE 2's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, and DOE 2; and punitive damages against Defendants SCOTT JONES, DOE 1, and DOE 2.

WHEREFORE, Plaintiff SALVADOR GARCIA JR. prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SALVADOR GARCIA JR. seeks Judgment as follows:

1.     For an award of compensatory, general, special, and nominal damages (including under federal and state law) against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, and DOE 2, in excess of $1,000,000, according to proof at trial;

2.     For an award of exemplary/punitive damages against Defendants SCOTT JONES, DOE 1, and DOE 2, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.     For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DOE 1, and DOE 2, pursuant to California

29

Civil Code sections 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, pursuant to California Civil Code section 818);

4.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, California Civil Code section 52.1, California Code of Civil Procedure section 1021.5, and any other statute or law as may be applicable;

5.      For interest; and

6.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: May 12, 2023                                        Respectfully Submitted,

By: _____
        Mark E. Merin
        Paul H. Masuhara
        LAW OFFICE OF MARK E. MERIN
        1010 F Street, Suite 300
        Sacramento, California 95814
        Telephone: (916) 443-6911
        Facsimile: (916) 447-8336

        Attorneys for Plaintiff
        SALVADOR GARCIA JR.

COMPLAINT; DEMAND FOR JURY TRIAL
*Garcia v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff SALVADOR GARCIA JR.

Dated: May 12, 2023

Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiff
    SALVADOR GARCIA JR.

COMPLAINT; DEMAND FOR JURY TRIAL
*Garcia v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____