UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GARCIA, JR., | No. 2:23-cv-00899-DAD-KJN |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, ET AL. | |
| Defendants. | |

Plaintiff's counsel subpoenaed non-party witness Meghan McEvilly for a deposition for March 11, 2024.  (ECF No. 19-2 at 6-8.)  On March 6, 2024, Ms. McEvilly, through counsel, filed a motion to quash and for protective order.  (ECF No. 19.)  Plaintiff opposes the motion.  (ECF No. 21.)  For the reasons set forth below, the undersigned DENIES the instant motion and vacates the motion hearing currently set for April 2, 2024. [1]

Pursuant to Local Rule 251(b) a discovery motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]"  In this regard, "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion."

---

[1] Judge Newman retired in February 2024.  The undersigned is issuing this order in the interests of judicial economy during the interim period between Judge Newman's retirement and the incoming magistrate judge's commencement.

1

(Id.)  If, after meeting and conferring, the moving party remains dissatisfied, that party shall draft and file a "Joint Statement re Discovery Disagreement."  Local Rule 251(c).  "All arguments and briefing that would otherwise be included in a memorandum of points and authorities . . . shall be included in this joint statement, and no separate briefing shall be filed."  (Id.)  The failure to file a joint statement may result in the hearing being dropped from calendar.  Local Rule 251(a).  Here, no joint statement was filed.

Moreover, Ms. McEvilly's motion is untimely.  "When a deposition is properly noticed, the opposing party must obtain a protective order before the deposition date to relieve the deponent of the duty to appear."  Reloj v. Gov't Emps. Ins. Co., 2023 WL 8007354, at *9 (S.D. Cal. Nov. 17, 2023) (citing Pioche Mines Consol., Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964)).  Here, the subpoena was issued on January 19, 2024, and the deposition scheduled for the morning of Monday, March 11, 2024.  (ECF No. 19 at 1.)  Ms. McEvilly hired counsel to respond to the subpoena on February 1, 2024, but she did not file the instant motion until Wednesday, March 6, 2024, less than three business days before the scheduled deposition.  (Id. at 8.)  Accordingly, the instant motion is untimely.  See, e.g., Allstate Ins. Co. v. Nassiri, 2011 WL 4905639, at *1 (D. Nev. Oct. 14, 2011) ("motion was untimely," where "[deponent] had three weeks notice of the deposition, yet filed his motion only three business days before the deposition's scheduled date").

**ORDER**

For these reasons, it is HEREBY ORDERED that:

1. The Motion to Quash Deposition Subpoena and Protective Order, ECF No. 19, is DENIED;
2. The hearing set for April 2, 2024, at 10:00 a.m. is VACATED.

Dated:  March 27, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

garc.0899

2