UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GARCIA, JR., | No. 2:23-cv-00899-DAD-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' REQUEST TO SEAL |
| COUNTY OF SACRAMENTO, et al., | (Doc. No. 24) |
| Defendants. | |

This matter is before the court on defendants' notice of request to seal certain documents that have already been publicly filed on the docket in this action. (Doc. No. 24.) For the reasons set forth below, defendants' request to seal will be granted.

**BACKGROUND**

This case arises from an incident on September 17, 2022, involving the alleged excessive use of force against plaintiff Salvador Garcia, Jr. by a police canine deployed by a law enforcement officer. (Doc. No. 17.) On December 8, 2023, plaintiff filed his operative first amended complaint ("FAC"). (*Id.*) In his FAC, plaintiff alleges that certain defendants have a policy and custom of failing to discipline their subordinates. (*Id.* at ¶ 110.) In support of this allegation, plaintiff alleges various examples of incidents where subordinates received "minimal, insignificant and untimely discipline" for their misconduct. (*Id.*) Relevant here, three alleged incidents involve two non-party sheriff's deputies who were disciplined for improperly accessing

1

1 files for personal reasons (*id.* ¶¶ 110(t), 110(p)); sending inappropriate emails from a work-
2 related email address (*id.* ¶ 110(p)); and stalking (*id.* ¶ 110(o)).

3    On May 8, 2024, defendants filed a notice of request to seal, seeking to seal or redact the
4 names of the non-party deputies in those specific subparagraphs of the FAC, arguing that
5 inclusion of this information on the public docket is "improper because they are derived from
6 confidential documents subject to a Protective Order." (Doc. No. 24 at 2.)  Consistent with Local
7 Rule 141(b), defendants filed the request to seal *in camera*.  (Req.)  Pursuant to Local Rule
8 141(c), plaintiff timely submitted an opposition to defendants' request, also *in camera*.  (Opp'n.)

## LEGAL STANDARD

10    All documents filed with the court are presumptively public.  *San Jose Mercury News,*
11 *Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits
12 of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").
13 "Historically, courts have recognized a 'general right to inspect and copy public records and
14 documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*,
15 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,
16 597 & n.7 (1978)).

17    Two standards generally govern requests to seal documents.  *Pintos v. Pac. Creditors*
18 *Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).  The standards used are based on the type of motion to
19 which the documents to be sealed are attached:

> [W]e treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy.  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

24 *Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,
25 1135, 1136 (9th Cir. 2003)).  The reason for these two different standards is that "[n]ondispositive
26 motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as
27 a result, the public's interest in accessing dispositive materials does not apply with equal force to
28 /////

1  non-dispositive materials." *Pintos*, 605 F.3d at 678 (citations and internal quotation marks
2  omitted).

## ANALYSIS

4  The parties dispute which standard applies to defendants' request to seal and whether
5  defendants' request to seal meets the applicable standard. Plaintiff argues that the "compelling
6  reasons" standard applies and asserts that no compelling reasons exist to seal the relevant portions
7  of the FAC. (Opp'n at 11–21.) In contrast, defendants contend that the "good cause" standard is
8  appropriate but argue that even under the "compelling reasons" standard, the names of the non-
9  party deputies appearing in subparagraphs 110(o), (p), and (t) should be sealed or redacted
10 because making such information public serves no other purpose but to humiliate the non-party
11 deputies. (Req. at 3, 9–10.)

12 The court agrees with plaintiff that the "compelling reasons" standard applies here since
13 defendants seek to seal a portion of the FAC, the operative pleading in this case. *See PUMA SE*
14 *v. Brooks Sports, Inc.*, No. 2:23-cv-00116-LK, 2024 WL 1557660, at *2 (W.D. Wash. Apr. 10,
15 2024) ("Although the Ninth Circuit has not specified whether a party seeking to seal its operative
16 pleading must meet the 'good cause' or 'compelling reasons' standard, numerous courts within
17 the Circuit have held that the compelling reasons standard applies because a complaint is the
18 foundation of a lawsuit.") (collecting cases); *Williams & Cochrane, LLP v. Quechan Tribe of Fort*
19 *Yuma Indian Rsrv.*, No. 3:17-cv-1436-GPC-MDD, 2017 WL 3600417, at *2 (S.D. Cal. Aug. 17,
20 2017) ("[D]istrict courts generally conclude that the 'compelling reasons' standard applies
21 because the complaint initiates the civil action.") (collecting cases).

22 In their pending request, defendants point the court to a decision in a similar case in the
23 Eastern District of California, which addressed a request to seal or redact identical allegations to
24 those at issue here. (Req. at 2) (citing *Liles v. Cnty. of Sacramento*, No. 2:24-cv-00416-KJM-
25 CKD, 2024 WL 1971882 (E.D. Cal. May 3, 2024)). In the *Liles* decision, the district court
26 granted the defendants' request to seal in part, finding no compelling reasons to seal or redact the
27 at-issue subparagraphs of the complaint in their entirety but finding compelling reasons to redact
28 /////

3

the names of the third-party deputies appearing in those subparagraphs. *See Liles*, 2024 WL 1971882, at *2–3.

Having reviewed the order issued by Chief Judge Mueller in *Liles*, the court concurs with the analysis set forth therein and adopts that analysis by reference in this order.[1] Like in *Liles*, the undersigned finds compelling reasons to redact the names of the non-party deputies appearing in the relevant subparagraphs of plaintiff's complaint. Since plaintiff's alleged injuries stem from excessive force by a police canine deployed by a law enforcement officer, the incidents involving the non-party deputes in subparagraphs 110(o), (p), and (t) are unrelated to the core issues of this case. Therefore, identifying the deputies by name in those subparagraphs serves improper purposes. *See Liles*, 2024 WL 1971882, at *2 ("Given the absence of a connection with the factual allegations in this case and the third-party deputies' non-involvement in this or related matters, the court finds identifying these deputies by name at this point serves improper purposes, including the potential promotion of public scandal.").

Accordingly, the court will grant defendants' request to redact the names of the non-party deputies in subparagraphs 110(o), (p), and (t) of the FAC.

## CONCLUSION

For the reasons explained above,

1. Defendants' request to seal (Doc. No. 24) is granted;
2. The unredacted version of plaintiff's first amended complaint (Doc. No. 17) is hereby sealed;
3. Within seven (7) days from the date of entry of this order, plaintiff shall file a redacted version of his first amended complaint, redacting the names of the two non-party deputies referenced in subparagraphs 110(o), (p), and (t); and

/////

/////

---

[1] Unlike in *Liles*, here, defendants seek only to seal or redact the names of the non-party deputies referenced in the pertinent subparagraphs and not the entire subparagraphs. *Cf. Liles*, 2024 WL 1971882, at *2.

4. The Clerk of Court is directed to update the docket to reflect that plaintiff's first amended complaint (Doc. No. 17) has been sealed.

IT IS SO ORDERED.

Dated:  **May 16, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE