1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   SALVADOR GARCIA JR.,                 Case No. 2:23-cv-0899-DAD-CSK
12              Plaintiff,                 ORDER GRANTING MODIFIED
                                           STIPULATED PROTECTIVE ORDER
13       v.
                                           (ECF No. 27)
14   COUNTY OF SACRAMENTO, et al.,
15              Defendants.
16

17       The Court has reviewed the parties' stipulated protective order below (ECF No.

18   27), and finds it comports with the relevant authorities and the Court's Local Rule. *See*

19   L.R. 141.1. The Court APPROVES the protective order, subject to the following

20   clarification. The Court's Local Rules indicate that once an action is closed, it "will not

21   retain jurisdiction over enforcement of the terms of any protective order filed in that

22   action." L.R. 141.1(f); *see MD Helicopters, Inc. v. Aerometals*, Inc., 2017 WL 495778

23   (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not retain

24   jurisdiction for disputes concerning protective orders after closure of the case). Thus, the

25   Court will not retain jurisdiction over this protective order once the case is closed.

26   Dated:  June 12, 2024

27                                         _____
                                           CHI SOO KIM
28                                         UNITED STATES MAGISTRATE JUDGE

**PORTER | SCOTT**

A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Suli A. Mastorakos, SBN 330383
smastorakos@porterscott.com
Matthew R. Mendoza, SBN 344482
mmendoza@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO,
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT, SCOTT JONES, DYLAN
BLACK, ROYCE AUSTIN, and DARIO
BARRON
***Exempt from Filing Fees Pursuant to Government Code §
6103***

**LAW OFFICES OF MARK E. MERIN**
Mark E. Merin, SBN 043849
mark@markmerin.com
Paul H. Masuhara, SBN 289805
paul@markmerin.com
1010 F Street, Suite 300
Sacramento, CA 95814
TEL: 916.443.6911
FAX: 916.447.8336

Attorneys for Plaintiff
SALVADOR GARCIA JR.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SALVADOR GARCIA, JR.,

      Plaintiff,

v.

COUNTY OF SACRAMENTO,
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT, SCOTT JONES, DOE 1,
and DOE 2,

      Defendants.

_____ /

CASE NO. 2:23-CV-00899-DAD-CSK

**STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER**

FAC Filed: 12/08/2023
Complaint Filed: 05/12/2023

**STIPULATION**

**A.   PURPOSE AND LIMITATION**

    Defendants believe that the disclosure and discovery activity concerning the materials   described

in this stipulated protective order is likely to involve production of information for which protection from public disclosure would be warranted. Plaintiff has not been permitted to view the materials described in this stipulated protective order. The parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Federal Rule of Civil Procedure 26(c). The parties further acknowledge that this stipulated protective order does not entitle any party to file information designated as protected or confidential under seal, where Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.   DEFINITIONS**

The following definitions shall apply to this Protective Order:

1.      The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.      "Documents" or "Confidential Documents" shall mean the documents that Defendants designate as "Confidential" and described in section C.

3.      "Confidential" shall mean information designated "Confidential" pursuant to this stipulated protective order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the designating party to be subject to protection pursuant to Federal Rule of Civil Procedure 26(c). Confidential documents, material, and/or information shall be used solely for purposes of litigation. Confidential information shall not be used by the non-designating party for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

4.      "Defendants" shall mean the COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, DYLAN BLACK, ROYCE AUSTIN, and DARIO BARRON.

5.      "Plaintiff" shall mean SALVADOR GARCIA JR.

6.      "Parties" shall mean Plaintiff and Defendants, identified above.

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

1   ///

2   **C.    INFORMATION COVERED**

3       Covered Information:

4       Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection  under

5   this stipulated protective order is limited to the following:

6     1.  Financial records of Dylan Black pertaining to his salary, assets, liabilities, and net worth (Bates

7       05213 – 05981).

8         a.  Income Records

9             1.  2022 Pay Stubs (DEF 05213 – 05238)

10            2.  2023 Pay Stubs (DEF 05239 – 05264)

11            3.  2024 Pay Stubs (DEF 05265 – 05268)

12        b.  Tax Returns

13            1.  2021 Tax Return (DEF 05269 – 05291)

14            2.  2022 Tax Return (DEF 05292 – 05343)

15        c.  Loan Documents

16            1. Promissory Note, Solar, Car, Kubota (DEF 05344 – 05367)

17            2.  2022 – 2024 Fidelity Statements (DEF 05368 – 05471)

18            3.  2022 – 2024 Triad Monthly Statements (DEF 05472 – 05524)

19            4.  Fidelity Loan (DEF 05525)

20        d.  Bank Statements

21            1. Credit Card Statements (WF, Chase, Golden1) (DEF 05526 – 05538)

22            2.  2022 – 2024 Golden1 Bank Statements (DEF 05539 – 05664)

23            3.  2022 – 2024 Wells Fargo Bank Statements (DEF 05665 – 05898)

24        e.  Home Documents

25            1.  Contract, Landlord Waiver, Loan Signed (DEF 05899 – 05912)

26        f.  LLC Information

27            1. LLC Authorization, Certificate (DEF 05913 – 05915)

28            2. Wells Fargo LLC Bank Statement (DEF 05916 – 05981)

---

3

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

2. Personnel Files of Dylan Black (Bates DEF 02957-02961, DEF 02965, DEF 02967-02974, DEF 02977-02988, DEF 02990-03000, 03002, DEF 03005-03006)

    a.    Employment Records

        1.   SCSD Department Seniority Determination Worksheet (DEF 02960)

        2.   State of CA DOJ Notice of Appointment (DEF 02965, 02977)

        3.   SCSD Employee Status/History – New Employee (DEF 02967)

        4.   New Employee Masterfile (DEF 02968)

        5.   State of CA DOJ Certificate of Application (DEF 02969)

        6.   Signed Compliance w/ Section 11166 of the Penal Code, Section 15630 of the Welfare and Institutions Code (DEF 02978 – 02979)

        7.   County of Sacramento Employment Statement (DEF 02980)

        8.   Employee Self-Identification Questionnaire (DEF 02981)

        9.   Signed Statement Concerning Your Employment in a Job Not Covered by Social Security (DEF 02982)

        10. Signed Waiver and Acknowledgement – appointment to Deputy Sheriff On Call (DEF 02983)

        11. County of Sacramento Inter-Departmental Correspondence RE Sheriff's Training Officer Appointment (DEF 02984)

        12. Signed Oath (DEF 02992)

        13. Subpoena Assignment Receipt (DEF 02993)

        14. Madeira Group International Authorization to Release Information and Documents (DEF 02994 – 02995)

        15. SCSD Incentive Pay Request for REP Units 003 & 029 (DEF 02996)

    b.    Evaluations/Awards

        1.   SCSD Reply to Inmate Grievance/Suggestion (DEF 02957 – 02958)

        2.   SCSD Reserve Deputy Sherif Evaluation (DEF 02959, 03006)

        3.   County of Sacramento Inter-Departmental Correspondence RE Major Incident Ribbon Award (DEF 02961, 02990, 02991)

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

    4.   SCSD Performance Evaluation Report (DEF 02970 – 02974)

    5.   SCSD Reserve Deputy Sheriff Evaluation (DEF 02988, 03002)

    6.   County of Sacramento Inter-Departmental Correspondence RE Prevention of Attempted Hanging 8 East 300 POD (DEF 03005)

c.    Education

    1.   American River College Official Transcript (DEF 02985)

    2.   Ashworth College Official Transcript (DEF 02986)

    3.   Sierra College Official Transcript (DEF 02987)

    4.   Ashworth College Transcripts Cont. (DEF 02997 – 03000)

3.  Personnel Files of Darrio Barron (DEF 03050-03051, DEF 03053, DEF 03057-03058, DEF 03060-03062, DEF 03067-03075, DEF 03077-03080, DEF 03084-03087, DEF 03093-03100, DEF 03102-03103, DEF 03105-03110)

a.  Employment Records

    1.   SCSD Employee Status/History – New Employee (DEF 03103)

    2.   New Employee Masterfile (DEF 03067)

    3.   Class/Status Change Masterfile – Temp to Perm (DEF 03084)

    4.   State of CA DOJ Certificate of Application (DEF 03058)

    5.   Signed Compliance w/ Section 11142/13303/11166 of the Penal Code, Section 15630 of the Welfare and Institutions Code (DEF 03068 – 03071)

    6.   County of Sacramento Employment Statement (DEF 03072)

    7.   Employee Self-Identification Questionnaire (DEF 03073)

    8.   Form I-9 Employment Eligibility Verification (DEF 03074, 03102)

    9. Signed Waiver and Acknowledgement – appointment to Deputy Sheriff On Call (DEF 03075)

    10. County of Sacramento Inter-Departmental Correspondence RE Removal from Field Training Officer Status (DEF 03053)

    11. County of Sacramento Inter-Departmental Correspondence RE Notice of Appointment – Sheriff's Training Officer (DEF 03060 – 03061)

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

12. County of Sacramento Inter-Departmental Correspondence RE Notice of Appointment – Sheriff's Training Officer (DEF 03062)

13. County of Sacramento Final Order of Discipline RE Disciplinary Action – Suspension Without Pay (DEF 03077 – 03079, 03108 - 03110)

14. Affidavit of Service – Final Order (DEF 03080)

15. County of Sacramento Inter-Departmental Correspondence RE Written Reprimand (DEF 03086 – 3087)

16. SSD Division Losing Employee/Division Gaining Employee (DEF 03093)

17. SSD Discrimination and Sexual Harassment Employee Feedback Form (DEF 03094)

18. Signed Oath (DEF 03100)

  b. Evaluations/Awards

    1. SCSD Reserve Deputy Sheriff Evaluation (DEF 03050 – 03051, 03085)

    2. SCSD Performance Evaluation Report (DEF 03095 – 03099)

  c. Education

    1. Folsom Lake College Official Transcript (DEF 03105)

    2. American River College Official Transcript (DEF 03106)

    3. Sacramento City College Official Transcript (DEF 03107)

<u>Particularized Need for Protection</u>:

Pursuant to Local Rule 141.1(c)(2), Defendants assert that there exists a specific, particularized need for protection as to the information covered by this stipulated protective order. Defendants represent to the Court and Plaintiff that the materials designated to be covered by this stipulated protective order are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c), and does not include information designated on a blanket or indiscriminate basis. *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

  <u>Showing of Need for a Protective Order</u>:

Pursuant to Local Rule 141.1(c)(3), protection afforded by this stipulated protective order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

26(c). The entry of this stipulated protective order may prevent the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection, in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith representations of the need for protection. *See, e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head."). As a result, production may be made with this stipulated protective order in place and, if necessary, it will permit discrete and narrowed challenges to documents designated for protection.

## D.   TERMS OF THE PROTECTIVE ORDER

Confidential Documents subject to protection may be designated as "Confidential" and produced subject to this stipulated protective order:

1.      The Confidential documents shall be used solely in connection with the  above-captioned civil case, and in the preparation and trial of the case. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      The parties will designate the Confidential documents as confidential by affixing a  mark labelling them "Confidential."

3.      The Confidential documents may only be disclosed to the following persons:

a.      Plaintiff, Mark E. Merin and Paul H. Masuhara of the Law Office of Mark E. Merin, and any partners and associates in that office;

b.      Defendants, Carl L. Fessenden, Suli A. Mastorakos, and Matthew R. Mendoza  of Porter Scott, and any partners and associates in that office;

c.      Paralegal, clerical, and secretarial personnel or support staff regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

d.      Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

e.      Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

f.      The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and

g.      Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4.      Information covered by this stipulated protective order does not automatically entitle   the parties to file such information or documents with the Court under seal. Any request to seal documents is governed by Local Rule 141. If the Confidential documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential documents will be filed and served in accordance with Local Rule 141.

5.      The designation of the Confidential documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential documents or information contained therein.

6.      Any party or non-party may challenge a Confidential designation at any time. A party   or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or voice-to-voice dialogue; other forms      of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not  proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in  this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner. If the parties cannot resolve a challenge without Court intervention, the designating party shall file and serve a motion for protective order/to retain

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

confidentiality pursuant Federal Rule of Civil Procedure 26(c) and Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the designating party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the designating party, consistent with Federal Rule of Civil Procedure 26(c). Unless the designating party has waived the confidentiality designation by failing to file a motion for protective order/to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge.

7.     Should the Confidential documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this stipulated protective order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this stipulated protective order.

8.     The Confidential documents shall not lose its confidential status because it    was inadvertently or unintentionally disclosed to a person not authorized to receive it under this stipulated protective order.

9.     The protections conferred by this stipulated protective order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by  this stipulated protective order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

10.     After the conclusion of this litigation, the Confidential documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or  dismissal

STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER

of the action with prejudice for any other reason.

11.    This stipulated protective order shall remain in full force and effect and shall continue  to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this stipulated protective order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the stipulated protective order shall continue in force as a private agreement between the parties.

12.    The parties may request additional records to be subject to this stipulated protective order. If a party believes a document to be produced should be subject to this stipulated protective order, the parties must meet and confer. If there is agreement, the parties shall submit an amendment to this stipulated protective order to identify the additional documents. If the parties cannot agree, the party seeking protection shall file a motion for protective order pursuant to the terms of Local Rule 251.

During the pendency of this lawsuit, the Court may (a) make such amendments, modifications, and/or additions to this stipulated protective order as deemed appropriate upon good cause shown; and (b) adjudicate any dispute arising under it.

13.    During the pendency of this lawsuit, the Court may (a) make such   amendments, modifications, and/or additions to this stipulated protective order as deemed appropriate upon good cause shown; and (b) adjudicate any dispute arising under it.

IT IS SO STIPULATED.


Dated:  June 5, 2024                              PORTER SCOTT

                                                 A PROFESSIONAL CORPORATION

                                                 By /s/ Matthew R. Mendoza

                                                     Carl L. Fessenden
                                                     Suli A. Mastorakos
                                                     Matthew R. Mendoza
                                                     Attorneys for Defendants

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

Dated:  June 5, 2024                     LAW OFFICE OF MARK E. MERIN

                                          By  /s/ Paul H. Masuhara

                                               Mark E. Merin
                                               Paul H. Masuhara
                                               Attorneys for Plaintiff

                                          (Authorized on June 5, 2024)

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

# [PROPOSED] ORDER

The parties' stipulated protective order is GRANTED.

IT IS SO ORDERED.


Dated:

_____

Hon. Kendall J. Newman
UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____[print or type full name], of_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Eastern District of California, on [date] in the case of *Salvador Garcia Jr. v. County of Sacramento, et al.*, Case No. 2:23-CV-00899-DAD-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

---

13

**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**